UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NEHEMIAH ROLLE,

        Plaintiff,

 v.              9:03-cv-01529

OFFICER BOLSTER,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff moves for a protective order preventing Defendants from taking his deposition until: (1) after this Court rules on Plaintiff's appeals of Magistrate Judge Peebles' June 20, 2005 and July 29, 2005 Orders; and (2) Plaintiff first conducts his depositions. Defendants cross-move to compel Plaintiff's deposition and for sanctions.

## Background

Defendants moved for leave to take Plaintiff's deposition.[1] That request was granted. The order granting the request warned Plaintiff that "the failure of plaintiff to attend, be sworn and answer appropriate questions may result in sanctions including dismissal of the action pursuant to Rule 37 of the Federal Rules of Civil Procedure." Plaintiff appealed the order to the Second Circuit Court of Appeals which dismissed the appeal.

---

[1] This was required because Plaintiff was (and is) incarcerated. Fed. R. Civ. P. 30(a)(2).

While this litigation was pending, Plaintiff, who is in custody, was transferred to Nassau County. Magistrate Judge Peebles entered an order staying discovery until Plaintiff's return to the custody of the New York State Department of Correctional Services ("DOCS"). By letter dated June 7, 2005, Defendants advised Magistrate Judge Peebles that Plaintiff was back in the custody of DOCS. Plaintiff was again removed to Nassau County on or about June 10, 2005. Magistrate Judge Peebles entered an order lifting the stay of discovery. Plaintiff appealed that Order to this Court. This Court has now dismissed the appeal.

After the stay of discovery was lifted, Defendants noticed Plaintiff's deposition. On July 28, 2005, counsel for Defendants traveled to Oneida Correctional Facility for the purposes of taking Plaintiff's deposition. Plaintiff refused to be deposed, apparently on the grounds that he should be entitled to conduct his depositions first, that he had filed a motion for a protective order,[2] and that he appealed the order lifting the stay of discovery.

**Discussion**

Plaintiff's grounds for refusing to be deposed are without merit. First, there is no priority of discovery under the current Federal Rules of Civil Procedure. George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix, 554 F.2d 551, 556 n.5 (2d Cir. 1977); see also Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co., 2005 WL 742617 (S.D.N.Y. 2005). Under the current rules, parties are permitted to undertake concurrent discovery. If Plaintiff wanted to take depositions first, he should have acted more expeditiously. Second, a protective order had not been granted and, thus, Plaintiff was obligated to go forward with

---

[2] The record does not evidence Plaintiff having made any protective order until <u>after</u> the date noticed by defendants to take Plaintiff's deposition.

the previously scheduled deposition. In fact, as previously noted, Plaintiff had not even filed a motion for a protective order until after the scheduled deposition date. Accordingly, Plaintiff had no valid basis for failing to permit the deposition to go forward.

Finally, the fact that Plaintiff appealed the order did not excuse him from being deposed. An appeal of a discovery order does not automatically stay that order. American Rock Salt Co., LLC v. Norfolk Southern Corp., 371 F. Supp.2d 358, 360-61 (W.D.N.Y. 2005) (and cases cited therein).

Inasmuch as the Court has now ruled on Plaintiff's appeals (and dismissed both appeals) and Plaintiff has demonstrated no right or need to conduct his depositions first, his motion for a protective order is DENIED and Defendants' motion to compel is GRANTED.

The remaining issue is that of Defendants' motion for sanctions. The Court finds that Plaintiff should reimburse Defendants caused by his failure to attend his own deposition. FED. R. CIV. P. 37(d).[3] According to the affidavit of Assistant Attorney General Rock, he traveled for approximately 3 hours and 40 minutes (round trip) to conduct Plaintiff's deposition and spent an additional hour attempting to conduct the deposition. He also incurred $89.65 in travel expenses. Defendants seek reimbursement at the rate of $150.00 per hour for attorney time and $75.00 per hour for travel time. The Court finds these rates to be reasonable. Notwithstanding these rates and times, Defendants request sanctions in the amount of $359.65.[4] Because this is all that Defendants seek, this will be all that the Court

---

[3] Defendants seek the sanction of dismissal. The Court finds that such a sanction is not warranted at this time.

[4] This figure is less than that to which Defendants would be otherwise entitled. 1 hour of attorney time at $150.00 plus 3 hours and 40 minutes of travel time at $75.00 per hour, plus $89.65 of travel time = $ 514.65.

will approve.[5]  The Court, therefore, orders an award of sanctions against Plaintiff and in favor of Defendants (the State of New York) in the amount of $359.65.

**Conclusion**

For the foregoing reasons, Plaintiff's motion for a protective order (Dkt. No. 55) is DENIED.  Defendants' cross-motion to compel Plaintiff's deposition and for sanctions in the amount of $359.65 (Dkt. No. 59) is GRANTED.  This matter shall be stayed until such time as Plaintiff has paid the sanction in full.  Once the stay has been lifted, Plaintiff shall make himself available for deposition.  Any further failures by Plaintiff to testify at deposition **SHALL RESULT IN THE DISMISSAL OF THIS ACTION**.

IT IS SO ORDERED.

Dated: September 7, 2005

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[5] In any event, the Court feels that a sanction in the amount of $514.65 would be excessive under the facts and circumstances of this case.